

Attorneys admitted in
California, New York,
Texas, Pennsylvania, and
Maine

Sender's contact:
scott@donigerlawfirm.com
(310) 590-1820

Doniger / Burroughs Building
603 Rose Avenue
Venice, California 90291

Doniger / Burroughs NY
247 Water Street, First Floor
New York, New York 10038

September 20, 2021

**DELIVERED VIA ECF**
The Honorable Gregory H. Woods
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 12C
New York, NY 10007-1312

|  |  |
|---|---|
| **Case Title:** | ***Klauber Brothers, Inc. v. Anthropologie, Inc. et al.*** <br> **1:21-cv-04526-GHW** |
| **Re:** | **Plaintiff's Response to Defendant's Request for Conference Concerning Defendant's Anticipated Motion to Dismiss** |

Your Honor:

    This office represents Plaintiff Klauber Brothers, Inc. ("Klauber") in the above-referenced case. We write in compliance with Rules 1(C) and 1(A) of Your Honor's Individual Rules in response to Defendants Urban Outfitters, Inc. ("Urban Outfitters") and URBN US Retail LLC's ("URBN") (collectively, "Defendants") September 15, 2021 letter requesting a pre-motion conference. See Dkt. No. 46. The court has set that conference for October 20, 2021. The contemplated motion is without merit, as follows.

    **A.    Klauber's direct copyright infringement claims are sufficiently plead**

    Defendants are serial infringers who have repeatedly sold products bearing unauthorized copies of Klauber's original lace designs. See e.g., *Klauber Brothers, Inc. v. Anthropologie, Inc.*, et al., 2:20-cv-01059-PJW (CACD); *Klauber Brothers, Inc. v. Urban Outfitters, Inc.*, et al., 2:20-cv-07430-AB-AFM (CACD); *Klauber Brothers, Inc. v. Urban Outfitters, Inc.*, et al., 2:20-cv-01060-MRW (CACD). This case addresses additional products sold by Defendants that infringe those same rights.

    The Copyright Act protects copyright owners like Klauber by granting them exclusive right to "reproduce, distribute, and publicly display copies of the work." 17 U.S.C. §106.[a] To adequately allege infringement, a plaintiff need only claim "(1) ownership of a valid copyright and (2) infringement of the copyright by the defendant." *Hamil Am. Inc. v. GFI*, 193 F.3d 92, 98 (2d Cir. 1999) (citations omitted). Infringement means that "(1) the defendant[s] ha[ve] actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of plaintiff's." *Id.* at 99 (quotations and citations omitted). Actual copying may be proved directly or indirectly.

---

[a] These exclusive rights also include, *inter alia*, the right to prepare derivative works from the copyrighted material (17 U.S.C. §106(2)) and the right to distribute and sell product bearing the copyrighted work (17 U.S.C. §106(3)). To establish infringement, a claimant need only demonstrate the alleged infringers violated at least one exclusive right granted to copyright holders under 17 U.S.C. § 106. *See* 17 U.S.C. § 501(a) (infringement occurs when alleged infringer engages in activity listed in § 106).

"[I]ndirect evidence of copying includes proof that the defendants had access to the copyrighted work **and similarities that are probative of copying between the works**." Id. (emphasis added).

Here, Klauber has alleged that it owns a copyright registration covering the design at issue. (First Amended Complaint ("Complaint"), ¶ 14, Dkt. No. 38.) Klauber has also alleged that Defendants had access to Klauber's artwork, including a design related to the one at issue, through a business relationship between Klauber and Defendant Urban Outfitters, as reflected in Order No. 105279, and "through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Design by third-party vendors and/or Doe Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples; and (d) garments manufactured and sold to the public bearing fabric lawfully printed with the Subject Design by Plaintiff for its customers." (Complaint, ¶¶ 17, 25.). Finally, Klauber has alleged that "Defendants, and each of them, previously accessed other of Plaintiff's lace designs, including designs at issue in the matters *Klauber Brothers, Inc. v. Anthropologie, Inc., et al.*, 2:20-cv-01059-PJW (CACD); *Klauber Brothers, Inc. v. Urban Outfitters, Inc., et al.*, 2:20-cv-07430-AB-AFM (CACD); and *Klauber Brothers, Inc. v. Urban Outfitters, Inc., et al.*, 2:20-cv-01060-MRW (CACD)" and that "Defendant Urban Outfitters has established a business practice of copying designs that it finds in the marketplace." (Complaint, ¶¶ 26-27.) And, as set forth above, Defendants have continuously for a long period of time sold product bearing unauthorized copies of Klauber's lacework, which in and of itself establishes access to Klauber's design line.

To downplay these access allegations, Defendants claim that Klauber "impermissibly re[]lies on 'bare corporate receipt' of the design eight years ago by Free People—a separate and distinct entity—who, under Plaintiff's own allegations, had no involvement with the creation or manufacture of the accused dresses." But this is false. First, Klauber specifically alleges that "[p]rior to the acts complained of herein, **Defendant Urban Outfitters** had a business relationship with Plaintiff and received samples of at least 87 of Plaintiff's lace designs, including two swatches of Design 3885, on or around September 12, 2013 under Order No. 105279, as reflected in Exhibit 1." (Complaint, ¶17, emphasis added.) And as reflected in Exhibit 1 of the Complaint, both Defendant Urban Outfitters and its related entity Free People are listed in the invoice. See Doc. No. 38-1. Thus, Klauber has sufficiently alleged Defendant Urban Outfitters' involvement with the creation or manufacture of the disputed items.

Additionally, as Defendants highlight, "[i]n the Second Circuit, a plaintiff must generally prove that the creators themselves, and **not only** an affiliated corporation, had access to the work that was allegedly copied." *Clonus Assocs. v. Dreamworks, LLC*, 457 F. Supp. 2d 432, 439 (S.D.N.Y. 2006) (emphasis added). As noted previously, Klauber has alleged that Defendant Urban Outfitters had access to Klauber's designs, including artwork related to the design at issue. Thus, Klauber has sufficiently pled access at this stage.

Second, whether Urban Outfitters' order with Klauber constitutes mere "bare corporate receipt" is a question to be determined after sufficient discovery has taken place. And Defendants' own claims concerning Free People further establishes the need for discovery, including discovery on the relationship between Free People and Defendants; whether these entities share samples of lace designs received; whether they share products under different names, style numbers, and SKU numbers; which party stored the Klauber samples; which party currently stores the samples; etc. Moreover, Defendants' cited authority highlights the need for such discovery. Indeed, Defendants rely on *Feuer-Goldstein, Inc. v. Michael Hill Franchise Pty. Ltd.*, No. 16-CV-9987 (PKC), 2019 WL 1382341 (S.D.N.Y. Mar. 27, 2019) to support their arguments concerning access and "bare corporate receipt", but, like *Clonus Assocs.*, that case was decided at the summary judgment stage and after the parties engaged in discovery.

The *Feuer-Goldstein, Inc.* court also considered "access through **third parties** connected to both a plaintiff and a defendant" which "requires **more** than a mere allegation that someone known to the defendant possessed the work in question.'" *Id.* at *6 (S.D.N.Y. Mar. 27, 2019) (citations and quotations omitted) (emphasis added). And as Defendants note, it is insufficient to allege "[b]are corporate receipt of [the infringed] work, without any allegation of a nexus **between the recipients and the alleged infringers** . . ." *Feuer-Goldstein, Inc.*, 2019 WL 1382341 at *6 (citing *Jorgensen*, 351 F.3d at 53). But here, Klauber has alleged that at least one of the defendants, not just someone known to one of the defendants, possessed the work in question or its related design. Klauber has also alleged that Defendants "without Plaintiff's authorization […] created, sold, manufactured, caused to be manufactured, imported and/or distributed fabric and/or products incorporating fabric that bears artwork identical to or **substantially similar** to the Subject Design". (Complaint, ¶19.) Such statements are sufficient in alleging a nexus between Defendant Urban Outfitters, the recipient, and the other defendants. Thus, Klauber's allegations, taken together, satisfy the *Hamil Am. Inc.* requirements and are sufficient.

Moreover, the facts here are inapposite. In *Feuer-Goldstein*, the plaintiff did not "come forward with probative evidence that its [] design was 'widely disseminated,' that there was access through a 'chain of events,' or that the contested designs are so "strikingly similar" that actual copying can be inferred without a showing of access. *Id.* at *4 (S.D.N.Y. Mar. 27, 2019). Here, Klauber has alleged that its design was widely disseminated (Complaint, ¶ 15), that at least one of the defendants had direct access to its designs (Complaint, ¶ 17), and that the disputed designs are substantially similar (Complaint, ¶ 22).

Notably, Defendants continue to ignore the "striking similarity" between the designs at issue. Courts "have held that where the works in question are so strikingly similar as to preclude the possibility of independent creation, copying may be proved **without a showing of access**." *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 56 (2d Cir. 2003)(emphasis added), citing *Lipton v. Nature Co.*, 71 F.3d 464, 471 (2d Cir.1995) (citation and internal quotation marks omitted). Here, Klauber provided a comparison of its design and the design exploited on the products at issue and alleged that the "comparisons make apparent that significant portions of the Subject Design, including the composition, arrangement, and layout of alternating arched and floral elements, and overall appearance of the design, including connective stitching, whiskering, type of flowers, pattern of arched elements, number of petals, leaves, and filling, is substantially similar to the design on the items at issue." (Complaint ¶¶20-22.) Considering the virtual identicality between the designs at issue, which is striking enough to preclude the possibility of independent creation, and construing all evidence in favor of Klauber, as we must do at this stage, the striking similarity of the designs establishes access or dispenses with the requirement.

Defendants rely on *Klauber Bros., Inc. v. QVC, Inc.*, No. 1:19-CV-09321, 2020 WL 7029088, (S.D.N.Y. Nov. 30, 2020) to support their arguments concerning access, but that decision is currently under reconsideration because the "access" argument was improperly raised for the first time in a reply brief. Moreover, the *QVC* court failed to consider the striking similarity of the designs at issue and the fact that Klauber had alleged **direct** access, through purchasing product embodying the lace design at issue, by some of the defendants. Defendants' cited authority thus fails, and Klauber has sufficiently pled access.

**B      Klauber's claims of vicarious and contributory liability are sufficiently pled**

As noted above, Klauber has adequately pled an underlying copyright violation. Its vicarious and contributory infringement claims are also sufficiently plead. Defendants groundlessly claim that "the Complaint includes no allegations about infringement by any other non-Defendant third parties that may serve as the primary violation for Plaintiff's secondary liability claims." This is plainly false.

To allege vicarious copyright infringement, a plaintiff must allege that the defendant[s] "[1] had the right and ability to supervise the infringing activity and ... [2] ha[ve] a direct financial interest in such activities." *Arista Records LLC v. Lime Grp. LLC*, 784 F. Supp. 2d 398, 434–35 (S.D.N.Y. 2011) (quoting *Gershwin Pub. Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971)). Here, Klauber has alleged that Defendants "knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of garments featuring the Subject Design by, *inter alia*, directing the manufacture of or selection and sourcing of materials and designs for the Infringing Products or had agreements requiring the manufacture or sourcing of certain materials or designs, with the ability and right to supervise, direct, cancel, or otherwise modify its orders for the manufacture or purchase of the Infringing Products... Defendants had direct oversight or involvement in the sourcing of materials for and manufacture of the Infringing Products and thus knew, induced, caused, or materially contributed to the infringement of Plaintiff's rights as alleged herein" (Complaint, ¶ 35.) Klauber also alleged that Defendants are "vicariously liable for the infringement [alleged in the Complaint] because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct." (Complaint, ¶ 37.) The exact relationship between the Defendants is presently unknown, but as Klauber has alleged, the Defendant retailers of the Infringing Products surely had the right to oversee their orders for the manufacture or purchase of the Infringing Products. (Complaint, ¶ 35.) This is sufficient to assert vicarious infringement.

Additionally, "one who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another, may be held liable as a 'contributory' infringer." *Gershwin Pub. Corp.*, 443 F.2d at 1162. As noted previously, Klauber specifically alleged that it sampled and sold lace bearing the Subject Designs "to numerous parties in the fashion and apparel industries." (Complaint, ¶ 15.) And as noted above, Klauber has alleged access. (Complaint, ¶¶ 17, 25-27.) At least some Defendants had knowledge of Klauber's ownership, particularly given the parties' litigation history. Thus, Klauber's claims of secondary vicarious and/or contributory liability are sufficiently pled.

Moreover, Defendants' citation to *Klauber Bros, Inc. v. P.J. Salvage*, 2:18-05470-MWF-JPR (C.D. Cal. Oct. 30, 2018) is unconvincing. Defendants omit key conclusions in that case—namely, that Defendants' motion to dismiss was denied and that Klauber was granted leave to amend. Additionally, P.J. Salvage is an out-of-circuit district court case and does not control.

Finally, any further details regarding the foregoing claims are solely within the possession of Defendants and as a result Klauber is not required to plead same. See *Friedman v. Live Nation Merch., Inc.*, 833 F.3d 1180, 1189 (9th Cir. 2016)(even at the summary judgment stage, a party need not submit facts solely within their adversary's possession, a rule that "accords with ... our general precedent that fairness dictates that a litigant ought not have the burden of proof with respect to facts particularly within the knowledge of the opposing party.")(citation omitted). The secondary liability claims are adequately pled.

Defendants' proposed motion lacks merit, as we will further discuss during the conference. The motion should not be filed. In the alternative, Klauber may file an amended complaint to address, or at least narrow, the issues raised by Defendants. Thank you for your attention to this matter.

                                        Respectfully submitted,

By:   */s/ Scott Alan Burroughs*
        Scott Alan Burroughs
        Laura M. Zaharia
        DONIGER / BURROUGHS
        For the Plaintiff